[Civ. No. 2043.   Fourth Appellate District.—November 9, 1938.]

MARGARET W. SCOVILLE, as Administratrix, etc., et al., Respondents, v. ERVIN KEGLOR et al., Appellants.

Lasher B. Gallagher for Appellants.

Harry W. Horton for Respondents.

MARKS, J.—On June 6, 1938, this court decided the appeal in this cause.   (27 Cal. App. (2d) 17 [80 Pac. (2d) 162].)   Our order, then made, was as follows:

"The judgment is reversed and the cause remanded to the trial court with instructions to that court to make findings of fact in accordance with the evidence already taken and the views herein expressed, including a specification with proper particularity of all items of damage allowed, and to file such findings together with judgment thereon *nunc pro tunc* as of December 1, 1936."

A petition for hearing in the Supreme Court was denied and the judgment became final. *Remittitur* was issued on August 8, 1938.

On September 8, 1938, appellants filed a notice of motion to strike from our order the following portions:

(1) "And the cause remanded to the trial court with instructions to that court to make findings of fact in accordance with the evidence already taken and the views herein expressed, including a specification with proper particularity of all items of damage allowed.

(2) "And to file such findings together with judgment thereon *nunc pro tunc* as of December 1, 1936."

A District Court of Appeal retains jurisdiction of a cause for thirty days after its judgment is pronounced. (Sec. 4c, art. VI, Const.; *Estate of Carroll*, 190 Cal. 105 [210 Pac. 817].) Its *remittitur* should be issued sixty days after judgment. (Rule XXXIV, Rules for the Supreme Court and District Courts of Appeal.) It would follow that, ordinarily, a District Court of Appeal would possess no power to modify its judgment after thirty days following its pronouncement.

While recognizing and admitting the foregoing rules, appellants seek to escape their effect by urging that the portions of the judgment which they move to strike were in excess of the jurisdiction of this court to make and were therefore nullities; that a judgment in excess of jurisdiction may be attacked at any time.

It is undoubtedly true that when it appears on the face of the record that a judgment is without, or in excess of, the jurisdiction of the court rendering it, the judgment may be collaterally attacked at any time. (*Harlan* v. *Harlan*, 154 Cal. 341 [98 Pac. 32]; *Lieberman* v. *Superior Court*, 72 Cal. App. 18 [236 Pac. 570]; *Johnson* v. *Superior Court*, 128 Cal. App. 584 [17 Pac. (2d) 1055].) This brings us to the ques-

tion of the jurisdiction of this court to render the portions of the judgment under attack here.

Appellants' argument in support of their position may be summarized as follows: An appellate court is not a trial court; that while it can make findings to support a judgment, it cannot make findings which result in the reversal of a judgment; that the question of whether or not an order should be entered *nunc pro tunc* involves the exercise of a sound discretion based upon the facts before the trial court; that this is a function that can only be exercised by a trial court because it involves passing on the weight and sufficiency of the evidence; that when this court ordered the making of findings and the filing of the findings and judgment *nunc pro tunc* it passed on the weight and sufficiency of the evidence and ordered judgment which is an exclusive function of a trial court and is not within the jurisdiction of a District Court of Appeal.

Before passing to a consideration of this argument it should not be out of place to state here that this precise question was presented to the Supreme Court on appellants' petition for hearing. This petition was denied. Further, the precise procedure followed by the trial court in this case was approved by the Supreme Court in the case of *Norton* v. *City of Pomona,* 5 Cal. (2d) 54 [53 Pac. (2d) 952], with one exception, namely, that in the Norton case the administratrix of the deceased plaintiff was substituted as a party plaintiff before the *nunc pro tunc* order, while in the instant case this was not done.

The weakness in appellants' argument is found in the fact that in the instant case the trial judge had presented to him and had ruled upon all the facts upon which the *nunc pro tunc* order was based. He had weighed the evidence, considered its sufficiency and passed upon it. His conclusion was evidenced by the *nunc pro tunc* order. The sole fatal defect that this court found in the proceedings, which caused the reversal of the judgment, was the failure of the trial judge to have the personal representative of the deceased substituted for plaintiff before making the *nunc pro tunc* order. The personal representative was substituted before decision of the appeal here. This court did not pass upon the weight and sufficiency of the evidence justifying the making of the *nunc pro tunc* order, but merely adopted the

conclusion of the trial judge on that question. It merely directed that the order of substitution, the *nunc pro tunc* order and the filing of the findings and the judgment *nunc pro tunc* follow each other in their orderly sequence so that the judgment of the trial judge reached on the evidence before him would be a valid and enforceable judgment and not a nullity. In so doing we did not pass upon the weight or sufficiency of the evidence nor did we usurp the functions of the trial court. We merely ruled on questions of law presented by the record. That being true, the judgment of this court was within and not in excess of its jurisdiction.

The motion is denied.

Barnard, P. J., and Griffin, J., concurred.